BOERNER *v.* SZABO.

REFORMATION OF INSTRUMENTS—QUIETING TITLE—MUTUAL MISTAKE —EVIDENCE.

Trial court's finding there had been a mutual mistake in the description of property conveyed by plaintiff's decedent to defendants whereby there was conveyed a total of 77 feet frontage of property rather than 52 feet and that defendants had intended to buy only the smaller amount *held,* supported by testimony in suit for reformation of deed and to quiet title to the 25 feet in plaintiff, including testimony elicited from defendants on cross-examination under the statute (CL 1948, § 617.66).

Appeal from Wayne; Murphy (Thomas J.), J. Submitted October 6, 1953. (Docket No. 3, Calendar No. 45,827.) Decided November 27, 1953.

REFERENCES FOR POINTS IN HEADNOTES
44 Am Jur, Quieting Title § 11 *et seq.;* 45 Am Jur, Reformation of Instruments § 46 *et seq.*

Bill by May M. Boerner, executrix of the estate of George H. Schmitt, deceased, against Alex Szabo and wife to reform a deed and to quiet title. Cross bill by defendants against plaintiff to require assignment of land contract and accounting. Decree for plaintiff. Defendants appeal. Affirmed.

*Joseph A. Colombo (Frederick D. Bartholomew,* of counsel), for plaintiff.

*Henry Stone,* for defendants.

REID, J. Plaintiff filed a bill of complaint for reformation of a warranty deed and to quiet title. From a decree for plaintiff, defendants appeal.

In 1919, decedent George H. Schmitt and his wife, Amanda Schmitt, executed a land contract as vendors to Mary Marek as vendee, covering 4 pieces of property, 2 of which faced on West End avenue and 2 on Springwells avenue, being separated in the rear by a small alley. Mary Marek occupied 1 of the homes on West End avenue known as 561 south West End avenue, and defendants occupied the home, 559 south West End avenue. The 2 houses are separated by a strip of ground about 3 feet wide.

Subsequent to that land contract, Mary Marek sold to defendants on another land contract, the residence occupied by defendants at 559 south West End avenue, Detroit. On April 29, 1944, Mary Marek, finding herself unable to continue the payments on her land contract with decedent and wife, caused her interest in that land contract to revert to decedent and wife, by executing an assignment of purchaser's interest in land contract together with a quitclaim deed to George H. Schmitt and Amanda Schmitt, his wife. Later in the same year, 1944, defendants were instructed to make the payments direct to decedent, George H. Schmitt, and decedent and wife allowed

defendants to continue to make their contract payments giving them credit for the payments that they had made to Mrs. Marek, which amounted to approximately $2,100.

On October 20, 1947, defendants completed their contract payments and a warranty deed was executed by decedent George H. Schmitt and his wife. The description was copied verbatim from the conveyance by the original purchaser, Mary Marek, to decedent and wife, which included 2 separate pieces of property and 2 separate houses, being at 561 south West End avenue and 559 south West End avenue in Detroit, and it is the claim of plaintiff that it was through error that the premises at 561 south West End avenue were included in the deed to defendants.

Defendants and appellants never collected any rents from nor paid any taxes on nor made repairs to nor exercised any rights or means of control over the property in dispute at 561 south West End avenue, Detroit, Michigan.

Defendants made an offer to purchase the property in dispute from decedent, George H. Schmitt.

Defendants claim in their testimony that they understood that the 77 feet total of land which was mentioned in their deed from decedent was correct. However, the total frontage of the premises at 559 south West End avenue was 52 feet and of the premises at 561 south West End avenue occupied by Schmitt was 25 feet.

Defendant Alex Szabo on cross-examination under the statute* testified as follows:

"*The Court:* Then in June, 1934 [1944?], you knew you were buying 2 houses, 559 and 561?

"*A.* I didn't know. I did not read that paper, the only thing is I had the assurance at that time. I

* See CL 1948, § 617.66 (Stat Ann § 27.915).—REPORTER.

couldn't read at that time, Schmitt and his wife assured us we will not lose our money.

"*The Court:* Schmitt talked to you, and you didn't know Schmitt was talking about 2 houses instead of 1, right?

"*A.* I didn't know.

"*The Court:* You thought it was only 1 house?

"*A.* I did not know, only we purchased 77 feet, that is all I know.

"*The Court:* One house or 2 houses?

"*A.* That the time I only know of one."

Defendant Mary Szabo on cross-examination under the statute* testified as follows:

"*Q.* After 2 or 3 years Mr. and Mrs. Schmitt sold to the Shols on land contract the property known as 561 south West End street?

"*Mr. Stone* [attorney for defendants]: Objected to, it is immaterial and incompetent.

"*The Court:* I think it is very material and very competent. In fact, it is the whole point at issue. You knew the Shols were either renting or buying?

"*A.* Yes they lived next door.

"*The Court:* You never collected rent from them?

"*A.* No.

"*The Court:* Or claimed to own it?

"*A.* No. I don't remember telling Shols I wanted to buy that house that I was sorry Schmitt sold it to Shols. When Colombo and Mrs. Boerner called they asked me to prove ownership of the property. They wanted to see what right I had living there, because they came prepared to throw me out. They wanted I should show proof and I was agreeable. I lived at 559. I showed them the abstract and deed. Mr. Colombo said the deed should be recorded, and about a week later I may have said to him I wished I could have bought the house at 561.

"*Q.* Didn't you go to his home a week after that?

"*A.* I did.

---

* See CL 1948, § 617.66 (Stat Ann § 27.915).—Reporter.

*"Q.* What did you tell him?

*"A.* Asked him to explain the deed to me about the footage, that the deed seems to be 52 feet and there are 2 parcels of land, I was under the understanding there was 1 parcel, and later there are 2 parcels of land.

*"The Court:* Something wrong with the deed?

*"A.* Yes."

Mary Szabo later testified on direct examination by Mr. Stone:

*"Q.* Did you make that statement?

*"A.* I made it the way Mrs. Shol said; that I asked Schmitt if he would sell to me and he avoided the question, he covered it up that he was not ready to sell [referring to the premises at 561 south West End avenue]."

The trial court found that the defendants admitted they intended to buy only 1 house and never thought they were buying 2 houses, that the defendants paid taxes on 47 feet and that it is undisputed that they offered to buy the other house from Schmitt and that Mr. Schmitt would not give Mrs. Szabo any satisfactory answer about selling it. The court further found there was a mutual mistake in the description, as claimed by plaintiff.

The finding by the trial court is clearly sustained by the testimony taken in its entirety and finds support even in the cross-examination of each defendant. A careful reading of the entire record convinces us that the finding by the trial court was correct. The decree appealed from is affirmed, with costs to plaintiff.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, and BOYLES, JJ., concurred.